

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X  Docket No:

DORIS OFFEI,

        Plaintiff(s),

- against -                                                                               COMPLAINT

MAHMOUD ABDEL-SALAM OMAR,                                   TRIAL BY JURY
        Defendant(s).                                                          DEMANDED
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

The plaintiff brings this action against defendant for assault, battery, false imprisonment, and intentional infliction of extreme emotional distress under the laws of the State of New York

## JURISDICTION AND VENUE

1. This action is brought pursuant to the laws of the State of New York to redress tortuous harms inflicted upon the person of the plaintiff by defendant.

2. The court has jurisdiction over the plaintiff's state law claims by virtue of diversity of citizenship. Federal jurisdiction attaches by reason of complete diversity of the parties under 28 U.S.C. section 1332.

3. Venue is proper pursuant to 28 U.S.C. section 1391, because the incident arose in this district.

4. All of the actions, omissions, and events complained of took place within the County of New York, City of New York, State of New York, and within the venue of this court.

5. The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

6. The plaintiff is a citizen of the United States and a resident of the County of Kings, State of New York and City of New York.

7. Defendant is a resident of the country of Egypt.

## FACTS

8. On May 29, 2011 plaintiff was employed as a room attendant at 2 East 61st St., N.Y., N.Y., at "The Pierre" Hotel. Defendant was a customer of the hotel lodging in room 1027. On that date at about 6:00pm, the plaintiff was called upon to bring tissues to the defendant's room. There, upon bringing the tissues to the room, the defendant assaulted and battered the plaintiff, placing his arms around the plaintiff and trying to kiss her. Plaintiff attempted to get free, and the defendant groped her breasts and buttocks, rubbing his penis against her thighs.

## COUNT I.  ASSAULT AND BATTERY

9. The allegations of Paragraphs 1-8 are incorporated by reference as though fully set forth herein.

10. The defendant committed the actions described above and thereby assaulted and battered the plaintiff.

11. As a result of the aforesaid assault and battery, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in the amount of one million dollars. ($1,000,000).

12. This action falls within one of the exceptions to article 16 of the New York Civil Practice law and Rules and/or is not subject to its limitations.

## COUNT II FALSE IMPRISONMENT

13. The allegations of Paragraphs 1-12 are incorporated by reference herein

as though fully set forth.

14. The defendant committed the actions described above, and thereby confined the plaintiff without privilege.

15. The confinement aforesaid was without probable cause or privilege.

16. The defendant intentionally confined plaintiff for the purpose of committing the intentional assault and battery.

17. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in the amount of one million dollars. ($1,000,000).

18. This action falls within one of the exceptions to article 16, of the New York Civil Practice law and Rules and/or is not subject to its limitations.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The allegations of paragraphs 1-18 are incorporated by reference herein as though fully set forth.

20. The defendants' conduct was outrageous.

21. The defendants' conduct caused the plaintiff to suffer extreme emotional distress.

22. As a result of the aforesaid intentional infliction of severe emotional distress, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in the amount of one million dollars. ($1,000,000)

23. CPLR article 16 does not apply to this action and/or it falls within one of the exceptions to that statute

Wherefore, the plaintiff requests that the Court:

        a. Award compensatory damages to the plaintiff against the defendant, in the amount of one million dollars ($3,000,000)
        b. Award the costs of the action to the plaintiff.
        c. Award punitive damages in the amount of two million dollars ($2,000,000)
        d. Award such other and further relief as the Court may deem appropriate.

Dated: New York, New York
       June 22, 2011

                                      */s/ John P. Grill*
                                      JOHN P. GRILL
                                      Grill9446
                                      For O'CONNOR REDD LLP
                                      200 Mamaroneck Ave.
                                      White Plains, N.Y. 10601
                                      (914)-686-1700 ext. 249
                                      917-601-5507